UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN DWAYNE THERIOT,

        Plaintiff,

v.

JEFFREY WOODS et al.,

        Defendants.
_____/

Case No. 2:18-cv-193

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

Also before the Court are several motions filed by Plaintiff (ECF Nos. 3, 4, 6, 7). These motions will be denied.

**Discussion**

I.      Complaint

Plaintiff Kevin Dwayne Theriot is presently incarcerated with the Michigan Department of Corrections (MDOC) at Baraga Correctional Facility (AMF) in Baraga, Michigan. The events about which he complains occurred at that facility, Marquette Branch Prison (MBP), and Chippewa Correctional Facility (URF). Plaintiff sues over 70 defendants, most of whom are employees of the MDOC.

This is Plaintiff's fourth civil rights action alleging that he was "gassed" by prison officials on January 29, 2013. (*See* Compl., ECF No. 1, PageID.6.) Plaintiff himself states that this action is "slightly modified from Case No. 216-cv-234, 217-cv-160, and 218-cv-92." (Theriot Aff., ECF No. 5, PageID.68.) Apparently, Plaintiff has complained about this incident to numerous prison officials and government officers over the years, and as a result of his complaints, grievances, and attempts to seek redress, prison officials have allegedly retaliated against him by interfering with his legal mail, placing him in segregation, writing misconduct tickets, ignoring his medical needs, and physically and sexually assaulting him.

Plaintiff initially filed a complaint about the January 29, 2013, incident in *Theriot v. Woods et al.*, No. 2:16-cv-234 (W.D. Mich.) ("*Theriot I*"). The Court dismissed that case in September 2017 due to lack of prosecution, so Plaintiff filed another complaint that same month, naming approximately 38 defendants, *Theriot v. Woods et al.*, No. 2:17-cv-160 (W.D. Mich.) ("*Theriot II*"). In *Theriot II*, the Court dismissed all but four of the 38 defendants for failure to state a claim. Plaintiff subsequently dismissed the action against the remaining defendants voluntarily and then filed another iteration of the same complaint in *Theriot v. Woods et al.*, No. 2:18-cv-92 (W.D. Mich.) ("*Theriot III*").

2

When Plaintiff filed *Theriot III* in June 2018, he simply took the typewritten complaint from *Theriot II* and supplemented it with a handwritten page listing 28 additional defendants, and several handwritten pages alleging additional facts.

Apparently unwilling to wait for a resolution in *Theriot III*, Plaintiff filed this action in October 2018. The complaint in this action contains the exact same complaint in *Theriot III*, but Plaintiff has added 11 additional defendants (*see* Compl., PageID.5), and approximately 5 more pages of handwritten allegations (*see id.*, PageID.29-33).

In other words, there is a substantial overlap between the complaints in *Theriot II*, *Theriot III*, and the instant case. All three actions share the same original 38 defendants (many of whom were dismissed for failure to state a claim in *Theriot II*), and the same allegations in numbered paragraphs 1 through 69 of the complaint. In addition, *Theriot III* and this action share the same additional 28 defendants, and the same additional allegations in numbered paragraphs 10.1 to 14.1, and 70 to 73. *Theriot III* is still pending.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect

parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2) as frivolous or malicious. *See, e.g.*, *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims"); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of an *in forma pauperis* prisoner civil rights suit where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Here, where the bulk of the complaint contains the same allegations asserted in another pending action, and where the majority of the defendants are the same as in that action, the Court concludes that the present complaint is duplicative.

Although the complaint in this action has some allegations and parties that are not present in *Theriot III*, it is not proper for a plaintiff to duplicate a complaint from another pending

4

action, supplement it with a few additional allegations and defendants, and then file it in a new action, as Plaintiff did when he filed the instant case. This sort of conduct unnecessarily multiplies proceedings against the same defendants and wastes judicial resources.

It also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). The PLRA contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). This provision was an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Plaintiff has already received "three strikes" under § 1915(g), and he appears to be using some of the same allegations from *Theriot III* to qualify for the exception to the three-strikes rule for a prisoner who is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In *Theriot III* and this case, he alleges that he is not being treated for blood in his feces and that he is at risk of assault from prison officers. If Congress created the "imminent danger" exception to address the concern that prisoners with three strikes would not be able to seek redress for especially serious claims, then that concern should be satisfied by one lawsuit focused on the danger at issue. A prisoner generally should not be permitted to circumvent the three-strikes rule by relying on the same danger to proceed with multiple lawsuits against an ever-expanding universe of defendants.

Furthermore, the Federal Rules of Civil Procedure already provide Plaintiff with a means to amend or supplement a complaint, or to add parties to an existing action. Indeed, Plaintiff is plainly aware of these rules, as he has already filed a motion in *Theriot III* to supplement his complaint with the additional allegations and defendants that he added to this action, and that were

5

not in the original complaint in *Theriot III*. (*See Theriot III*, ECF No. 8.) Plaintiff should make use of the rules available to him instead of filing slightly modified versions of the same complaint over and over again in new actions. Therefore, pursuant to the Court's inherent power and 28 U.S.C. § 1915(e)(2), the complaint will be dismissed on the grounds that it is duplicative and frivolous.

## II. Additional Motions

Plaintiff has also filed several motions, including a motion for a preliminary injunction (ECF No. 3), a motion to expedite consideration of his complaint (ECF No. 4), a motion to appoint counsel (ECF No. 6), and a motion for assistance obtaining the full names of some of the defendants (ECF No. 7). Because the Court will dismiss the action as duplicative and frivolous, all of these motions are moot.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the action will be dismissed as duplicative and frivolous under the Court's inherent power and 28 U.S.C. § 1915(e)(2). Plaintiff's pending motions (ECF Nos. 3, 4, 6, 7) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated: November 30, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE